IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAMONA MEZA, individually and as
Personal Representative and the Executor of
the Estate of VALENTIN MEZA;
ARNOLDO GIOVANI MEZA RODRIGUEZ; and
JESUS RAMON MEZA RODRIGUEZ                                           PLAINTIFFS

v.                                    Case No. 2:11-CV-02069

FORD MOTOR COMPANY                                                   DEFENDANT


**<u>ORDER</u>**

Currently before the Court are Defendant Ford Motor Company's ("Ford") Combined Motion to Strike and Motion for Summary Judgment (Doc. 16) and Brief in Support (Doc. 17). Plaintiffs did not file any response to the Combined Motion. For the reasons articulated herein, Defendant's Combined Motion to Strike and Motion for Summary Judgment (Doc. 16) is GRANTED IN PART and DENIED IN PART AS MOOT.

**I. Background**

This case is a product liability action arising from a single-vehicle accident that occurred on April 26, 2008. According to the Complaint, Plaintiffs are now residents of Mexico, but on the date of the accident, they were residing in Arkansas. It is alleged that Plaintiff Valentin Meza, who is now deceased, was driving a 1990 Ford F-150 pick-up truck in which his wife, Ramona Meza, was a passenger. The truck exited the road and tipped over onto its side, whereupon the fuel line disengaged, causing fuel to spew and feed a truck fire which engulfed the truck in flames. The fire caused the death of Valentin Meza and caused severe personal injuries to Ramona Meza. Plaintiffs

allege that the fuel line in the Mezas' pick-up truck was defective in design and/or manufacturing, and that the defect(s) in design proximately caused Valentin Meza's death and Ramona Meza's injuries.  The other Plaintiffs, Arnoldo Giovani Meza Rodriguez and Jesus Ramon Meza Rodriguez, are the surviving children of Valentin and Ramona Meza, and as such, they allege damages stemming from the wrongful death of their father.  The Complaint alleges causes of action for negligence and breach of express and implied warranties and demands both compensatory and exemplary damages.

After Ford answered the Complaint on May 23, 2011, the parties began the discovery process.  At some point in this process, the parties agreed that Plaintiffs would designate their expert witness on or about 120 days prior to the trial date.  However, that deadline came and went, and Plaintiffs have yet to designate an expert, though this matter is set for trial in two months, on June 25, 2012.

Ford asks the Court for two things in its pending Combined Motion.  First, Ford asks the Court to prospectively strike any expert witness disclosures Plaintiffs will make because such disclosures are untimely.  Second, Ford asks the Court to rule in its favor on summary judgment on the basis of Plaintiffs' lack of expert testimony at trial.  Ford contends that without expert testimony, Plaintiffs will be unable to prove that the fuel line in their F-150 Ford pick-up truck was defective and was the proximate cause of Plaintiffs' injuries and other damages, and that a non-defective alternative design for the fuel line exists.

Plaintiffs have not responded to Ford's Combined Motion to Strike and for Summary Judgment.  The discovery deadline in this case has passed.  At this point, any attempt by Plaintiffs to designate an expert would be untimely.

-2-

## II.  Legal Standard

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983).  In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.,* 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

## III.  Discussion

### A.  Summary Judgment

Fed. R. Civ. P. 56 (e) states that if a party fails to properly support or address a fact asserted by another party, that fact may be deemed undisputed for purposes of a motion for summary judgment.  The unusual circumstance exists in this case where Defendant has filed a Motion for Summary Judgment, and Plaintiffs have failed to respond.  The basis for Defendant's Motion is solely that Plaintiffs have failed to designate an expert to provide testimony in this product liability case.  The Court cannot summarily grant Defendant's Motion simply because Plaintiffs have not responded.  Instead, the Court must examine the legal issue of whether expert testimony is necessary to prove the elements of Plaintiffs' product liability action and claim for damages.

Under the Arkansas product liability statute, a plaintiff must prove (1) that the defendant manufactured or sold the product; (2) that the product was defective so as to render it unreasonably dangerous; and (3) that such defect was the proximate cause of the damages sustained. Ark. Code Ann. § 4-86-107; *Williams v. Smart Chevrolet Co.*, 292 Ark. 376, 382 (Ark. 1987). The mere fact that an accident occurred does not entitle a plaintiff to recovery in a product liability action. *Farm Bureau Ins. Co. v. Case Corp.*, 317 Ark. 467, 472 (Ark. 1994). Instead, a plaintiff must prove "that a particular defendant has sold a product which he should not have sold and that it caused his injury." *Williams*, 292 Ark. at 382. Although according to the Eighth Circuit, "Arkansas law does not require expert testimony in all product liability cases," the type of product defect that is most likely to require expert testimony is that of design defect. *Dancy v. Hyster Co.*, 127 F.3d 649, 653 (8th Cir. 1997).

In the case at bar, Plaintiffs allege that a design defect in the fuel line of Ford's F-150 pick-up truck proximately caused a vehicle fire which led to injuries, wrongful death, and other damages. In *Dancy v. Hyster Co.*, 127 F.3d 649, the Court of Appeals found that, under Arkansas law, expert testimony is usually required in design defect cases such as the instant one, where common experience and lay knowledge will not suffice to show the nature of the alleged defect. The *Dancy* plaintiff suffered a below-the-knee amputation following an accident on a lift truck. He then sued the manufacturer of the truck, alleging that the truck's design was defective and that the defect proximately caused plaintiff's injuries. *Id.* at 651. The expert witness presented by the plaintiff was excluded at trial after a *Daubert* challenge, and the district court then granted summary judgment to the defendant, holding that the plaintiff could not prevail without expert witness testimony. In affirming the district court's decision to grant summary judgment, the *Dancy* court agreed that,

-4-

"without the aid of expert testimony, there was no evidence demonstrating (1) the existence of a defect in the product or (2) negligence by [defendant]."  Furthermore, the court held that a plaintiff in a product liability action has the burden of proving the existence of a defect "by showing that a safer alternative actually exists," even though the plaintiff does not have to prove that an alternative, safer design is available and feasible.  *Id.*   Ultimately, if establishing the existence of a defect and an alternative safe design are matters that are "beyond the ken of lay jurors," then expert testimony is required.  *Id.* at 653-54.

In examining the Complaint in the case at bar, the Court finds that establishing a defect in the design of the fuel system of a pick-up truck will require expert testimony.  The fuel system of an automobile is a technologically advanced product, and the functioning of such a system is beyond the understanding of most laymen.  In addition, the Court finds that establishing the existence of a defect by showing an alternative safer design will also require expert testimony.  The facts of this design defect case are similar to those in *Dancy*,[1] and there as here, jurors are "not likely to possess 'common understanding' about how products are designed."  *Id.*   Accordingly, the Court grants summary judgment in favor of Defendant Ford because Plaintiffs cannot make out a prima facie case for design-related product liability without the benefit of expert testimony.

### B.  Motion to Strike

In light of the Court's determination that Ford is entitled to summary judgment, Ford's

---

[1]     To buttress its conclusion that expert testimony is required in the majority of design defect cases, the *Dancy* court cited to three Arkansas Supreme Court decisions in which design defects were alleged and expert testimony was needed to establish the existence of the defects.  These cases, *Higgins v. General Motors Corp.*, 287 Ark. 390 (Ark. 1985); *Williams*, 292 Ark. at 483; and *Lakeview Country Club, Inc. v. Superior Products*, 325 Ark. 218 (Ark. 1996) also provide support for the Court's conclusion above that expert testimony is required in the instant product liability case alleging a design defect.

Motion to Strike is moot.

## IV.  Conclusion

For the above stated reasons,  the Court finds that summary judgment on behalf of Defendant Ford is proper due to the fact that Plaintiffs have failed to designate an expert, and any attempt to do so going forward would be untimely.  As lay jurors will be unable to possess a common understanding as to how a complicated product such as an automobile's fuel line system is designed, proving a defect in that system and the existence of a safer alternative design will not be possible without expert testimony.  Accordingly, the portion of Defendant's Combined Motion (Doc. 16) in which summary judgment is sought is GRANTED, and the portion of the Motion in which Defendant asks the Court to prospectively strike Plaintiffs' future designation of an expert is DENIED AS MOOT.  All other pending motions are DENIED AS MOOT.  This case is dismissed with prejudice, and judgment shall enter contemporaneously herein by separate order.

IT IS SO ORDERED this 1st day of May, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

-6-